EXHIBIT 3

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *21-CV-01717*

*Hestia Management LLC*, PLAINTIFF(S),

v.

*Penn-America Insurance Company &*
*Global Indemnity Group Services LLC* DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO *Global Indemnity Group Services, LLC* .(Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Middlesex County Superior* Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, *Middlesex County Superior* Court, *200 Trade Center, 2nd Fl Woburn, MA 01801* (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: *Frank Scardino Esq, Boston Law Group PC, 825 Beacon St, Ste 20, Newton, MA 02459*

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2181CV01717 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Hestia Management LLC vs. Penn-America Insurance Company et al | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|
| TO:  File Copy , | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 11/03/2021 |  |
| Response to the complaint filed (also see MRCP 12) |  | 12/03/2021 |  |
| All motions under MRCP 12, 19, and 20 | 12/03/2021 | 01/03/2022 | 02/01/2022 |
| All motions under MRCP 15 | 12/03/2021 | 01/03/2022 | 02/01/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 06/01/2022 |  |  |
| All motions under MRCP 56 | 07/01/2022 | 08/01/2022 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 11/28/2022 |
| Case shall be resolved and judgment shall issue by |  |  | 08/07/2023 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 08/05/2021 | ASSISTANT CLERK Maria Pantos | PHONE (781)939-2772 |
|---|---|---|

## COMMONWEALTH OF MASSACHUSETTS

**Middlesex, SS.**

| | |
|---|---|
| Hestia Management LLC | |
|     Plaintiff, | **Massachusetts Trial Court Division** |
| | **Middlesex Superior Court** |
| v. | **Case No.** 21-1717 |
| Penn-America Insurance Company, and Global Indemnity Group Services, LLC | |
|     Defendants. | |

> FILED
> IN THE OFFICE OF THE
> CLERK OF COURTS
> FOR THE COUNTY OF MIDDLESEX
>
> AUG 0 5 2021
>
> *[signature]*
> CLERK

## COMPLAINT

This is an action for breach of contract and unfair business and insurance practices in violation of M.G.L. Chs. 93A and 176D where Plaintiff seeks damages and on account of Defendants' wrongful and unfair denial of Plaintiff's insurance claim. Plaintiff requests a trial by jury on all issues so triable.

## PARTIES

1.    Plaintiff Hestia Management LLC is a limited liability company formed under the laws of the Commonwealth of Massachusetts with its business office located at 539 Commonwealth Ave, Newton, Middlesex County, Massachusetts.

2.    Defendant Penn-America Insurance Company ("Penn-America") is a foreign insurance company incorporated in Pennsylvania that is authorized to conduct the business of insurance in the Commonwealth of Massachusetts and issues commercial lines insurance policies covering risks in Massachusetts. Upon information and belief, Penn-America does not maintain a registered agent in the Commonwealth of Massachusetts.

1

3.      Defendant Global Indemnity Group Services, LLC ("Global Indemnity" and collectively with Penn-America, "Defendants") is a foreign limited liability company incorporated in Pennsylvania that is authorized to conduct the business of insurance in the Commonwealth of Massachusetts.  Penn-America is a member of Global Indemnity.  Upon information and belief, Global Indemnity does not maintain a registered agent in the Commonwealth of Massachusetts.

4.      Penn-America issued a commercial lines insurance policy to Hestia Management LLC with policy No. PAV0208573 (the "Policy") with effective dates of July 12, 2019 to July 12, 2020.

5.      The Policy included property coverage for three separate buildings, including a building at 114R June Street in Worcester, Massachusetts.

6.      Hestia Management LLC recently acquired the 114R June Street property, which is a two-family rental property.

7.      The property at 114R June Street was substantially damaged by fire on August 11, 2019.

8.      Hestia Management LLC placed Defendants on notice of the loss and requested coverage under the Policy issued by Penn-America.

9.      Following an investigation, Penn-America and Global Indemnity denied coverage on the basis of alleged misrepresentations in the Application for Insurance, relying upon Massachusetts General Laws, Chapter 175, Section 186.  An accurate copy of the January 13, 2021 letter denying coverage is attached to this complaint as Exhibit A.

2

## COUNT I
## (BREACH OF CONTRACT)

10.     Plaintiff Hestia Management LLC repeats and realleges each of the allegations contained in the foregoing paragraphs as if set forth in full herein.

11.     Global Indemnity's and Penn-America's denial of coverage was improper and constituted a breach of contract because the alleged misrepresentations either did not occur or were not material to the risk being insured.

12.     Global Indemnity's and Penn-America's breach of contract resulted in damages to Hestia Management LLC in the amount of the covered loss under the Policy and other resulting consequential damages.

## COUNT II
## (UNFAIR BUSINESS PRACTICES M.G.L. c. 93A AND UNFAIR INSUARNCE PRACTICES, M.G.L. c. 176D)

13.     Plaintiff Hestia Management LLC repeats and realleges each of the allegations contained in the foregoing paragraphs as if set forth in full herein.

14.     At all relevant times Defendants have engaged in the business of insurance in the Commonwealth of Massachusetts.

15.     Defendants insured Plaintiff.

16.     Defendants have engaged in unfair claim settlement practices by, without limitation, compelling Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amount that will ultimately be recovered by Plaintiff.

17.     As a result, Hestia Management LLC has suffered harm and damages for which Defendants are liable.

3

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests the following relief:

1.      Enter judgment for Plaintiff on all Counts of its Complaint;

2.      Award Plaintiff damages as determined at trial, plus attorneys' fees, interest and costs as provided by law;

3.      Award Plaintiff multiple damages and attorneys' fees on account of Defendants' willful or knowing violation of M.G.L. Chs. 93A and 176D; and

4.      Any and all further relief that this Court deems just and proper.

Dated: August 5, 2021

Respectively Submitted,

> Plaintiff,
> Hestia Management LLC
> By its Attorneys,
>
>
> Frank Scardino, BBO# 703911
> Valentin Gurvits, BBO# 643572
> Boston Law Group, PC
> 825 Beacon Street, Suite 20
> Newton Center, MA 02459
> frank@bostonlawgroup.com
> vgurvits@bostonlawgroup.com
> Tel: 617-928-1800 / Fax: 617-928-1802

4

# EXHIBIT A

# SLOANE AND WALSH LLP

Attorneys at Law

One Boston Place
201 Washington Street, Suite 1600
Boston, Massachusetts 02108
Telephone (617) 523-6010
Fax: (617) 227-0927
www.sloanewalsh.com

Anthony J. Antonellis
Direct Dial: 857-321-7007
Direct Fax: 617-303-1750
E-Mail: aantonellis@sloanewalsh.com
Also admitted: NH, CT

Boston, Massachusetts
Lincoln, Rhode Island
Bedford, New Hampshire
Glastonbury, Connecticut

January 13, 2021

**VIA CERIFIED MAIL AND EMAIL** (jpoliquin@nhdlaw.com)
James D. Poliquin, Esq.
Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112-4600

| RE: | Claim No.: | **19003828** |
|-----|-----------|--------------|
| | Insured: | Hestia Management LLC |
| | Policy No.: | PAV0205873 |
| | Date of Loss: | August 11, 2019 |
| | Loss Location: | 114 R June Street, Worcester, MA 01602 |

Dear Attorney Poliquin:

As you are aware, this office has been retained by Global Indemnity Group Services, LLC ("Global Indemnity") in regards to the above-referenced matter.

The purpose of this letter is to advise you and the Insured of Global Indemnity's position with respect to coverage for the subject claim pursuant to policy PAV0205873 issued to Hestia Management LLC for the Property at 114 R June Street, Worcester, MA 01602 (the "Property"), with effective dates of July 12, 2019 to July 12, 2020 (the "Policy").

Global Indemnity values your client as an insured; however, Global Indemnity has determined that there is no coverage for your client's claim under the policy captioned above for the claim, as is more fully discussed below. After you have reviewed this letter, if there is

James D. Poliquin, Esq.
January 13, 2021
Page **2** of **12**

additional information you would like Global Indemnity to consider, please forward it to me. Also, if you have any questions about this letter or your claim, please contact me.

In considering your request for coverage on behalf of Hestia Management, LLC, we have carefully reviewed the Policy. No other policies were considered. We also reviewed your position regarding coverage and its basis. As you know, we conducted an in depth investigation of this claim upon receipt of the notice of the Loss.

## FACTUAL BACKGROUND REGARDING LOSS

Penn-America Insurance Company ("Penn-America"), a member of Global Indemnity Limited issued a commercial lines common policy to Hestia Management LLC (the "Insured") with policy number PAV0205873 (the "Policy") with effective dates from July 12, 2019 to July 12, 2020. The Policy includes coverage for three buildings; 116A June Street, Worcester, MA; 114R June Street, Worcester, MA; and 116 June Street, Worcester, MA (hereinafter the "June Street Properties"). 114R June Street, the location of the subject loss (the "Property"), has been vacant since May, 2019.

On or about August 20, 2019, Global Indemnity received notice of a fire damage claim to 114R June Street, Worcester, MA. The Property is a two family rental home built in 1920. The reported fire occurred on August 11, 2019. The building was vacant (i.e. no tenants) at the time of the August 11, 2019 fire. A prior fire occurred at the Property on May 13, 2019, and as a result, the tenants at the time vacated the Property.

It is our understanding that the May 13, 2019 fire damaged the second floor unit and centered on electrical wiring in the attic / ceiling area above the second floor apartment's bathroom.

At the time of the May 13, 2019 fire, the Insured was in negotiations to purchase the Property. It is our understanding that the Insured entered into a Purchase and Sale Agreement on June 5, 2019 for the three properties mentioned above. Various building permits were pulled by the previous owner after the May 13, 2019 fire to repair the damage. While the Insured, through counsel, maintains that the Property was repaired prior to closing, the permits, and sign offs provided by the Insured from the Worcester Building Department are unclear as to the final signoff. The correspondence provided by the Insured pertaining to the sequence of events leading up to the closing regarding the repairs indicate that the closing attorney, Attorney O'Sullivan, recommended to the Livshits that the permits had all been closed out and the real estate broker had done a walkthrough. He recommended the Livshits closing on the Property.

James D. Poliquin, Esq.
January 13, 2021
Page **3** of **12**

On or about July 8, 2019, the Insured submitted an application for insurance to Penn-America. It is important to note that the application for insurance (Form Acord 140) and the accompanying Habitational Supplemental Application (Form PAG UNG A 2070 0318) both indicate that 114R June Street was rented and not vacant. Also noteworthy, no claims or losses or occurrences were noted in the loss history section (para. 15) of the Habitational Supplemental Application. This form was electronically signed by Ms. Sonia Livshits, of Hestia Management, LLC.

An email string dated July 3, 2019 from Ms. Sonya Livshits to Hestia's retail insurance agent, Lev Duhkon, contains an email from May 15, 2019, indicating that 114R June Street was vacant. Also, during Mr. Livshits examination under oath, he confirmed that 114R June Street was vacant at the time Hestia Management LLC closed on the Properties until the August 11, 2019 fire, which includes the time period when the application for insurance was completed and submitted to Penn-America.

On July 11, 2019, the day before the effective date of the Policy, the City of Worcester issued correspondence to the Insured condemning the Property located at 114R June Street, Worcester, MA. As discussed in more detail below, the Insured contends that he received this correspondence on or about July 26, 2019, and believes he provided it to his insurance agent, Mr. Lev Dukhon of ALD Insurance Agency. Mr. Livshits has been unable to provide this documentation.

The Insured asserts that the prior May 13, 2019 Notice of Condemnation from the City of Worcester was never received by the Insured, as it was issued to the prior owner, Ben Real Estate, LLC. Further, the Insured asserts that during the time period from May 13, 2019 to the purchase on June 27, 2019, Ben Real Estate represented that all the damage from the May 13, 2019 fire was repaired and produced the building permit sign offs. It is asserted that the Insured's realtor, Mr. Chuck Cronin did the walk through on the property.

As noted above, the Insured's closing attorney, Attorney O'Sullivan, reviewed the building permits and then advised the Insured that he could go through with the purchase.

On July 11, 2019, the City of Worcester issued another Notice of Condemnation. Inspector John Carlson of the Worcester Housing & Health Inspectional Services Dept. has indicated that the letter was just a copy of their May 13, 2019 Notice to Ben Real Estate. It is our understanding there was no new inspection or loss event between the purchase on June 27, 2019 and July 11, 2019. The City of Worcester learned that there was a new owner and, thus, re-issued the notice.

James D. Poliquin, Esq.
January 13, 2021
Page **4** of **12**

We note that during the Insured's examination under oath, he testified that he did not receive the notice until July 26, 2019. He testified that he immediately contacted Alpha Smart Builders ("ASB") and inspected the property with them. The inspection with ASB occurred on or about July 19, 2019. There is no indication that the Insured informed Global Indemnity of the Notice of Condemnation at this time or at any time prior to the August 11, 2019 fire.

The Insured asserts that on August 2, 2019, ASB submitted its estimate to renovate 114R and 116 June Street. The second fire occurred nine days later on August 11, 2019.

Brush County Claims completed a damage assessment on August 29, 2019.  This assessment was limited to the damage caused by the August 11, 2019 fire, i.e. damage to the first floor apartment and damage to the second floor back entry. It is our understanding that damage from the May 13, 2019 fire was evident during the Brush county Assessment.

On January 14, 2020, the Insured attended a hearing regarding the condemnation of the Property, and another hearing sometime in February, 2020 in which the City of Worcester stated that the City would be issuing an order to demolish the property. It is our understanding that that order has yet to be issued.

Our office noticed Mr. Livshits examination under oath on April 23, 2020, and requested certain documents regarding the Claim be provided to our office to provide the Insured with an opportunity to explain and show why coverage should be afforded. While some documents were provided on May 11 and 12, 2020, prior to the scheduled examination under oath, additional documentation was requested during the examination under oath of May 13, 2020.

On May 19, 2020, Attorney Walker, Hestia Management LLC's then attorney in this matter, advised our office that he had requested documents from Hestia's closing attorney and realtor regarding documentation pertaining to repairs and the condition of the Property at the time of purchase. Attorney Walker also advised that Mr. Livshits was reviewing prior correspondence and emails with his retail insurance agent regarding the Property.

On June 10, 2020 and on June 16, 2020, our office requested a status of the remaining documents needed. On June 16, Attorney Walker responded and provided the May 13, 2019 and July 11, 2019 Notice of Condemnation letters from the City of Worcester regarding the Property.

On June 16, 2020, our office again requested the needed documentation from Attorney Walker.

James D. Poliquin, Esq.
January 13, 2021
Page **5** of **12**

On July 1, 2020 and July 14, 2020, Attorney Walker provided additional documents, to include those documents previously discussed above and in our prior correspondence, namely; Ms. Livshits email to the retail insurance agent, HUD settlement statement, a rent roll from the realtor, dated April 24, 2019, the ASB estimate, and imagery taken by the realtor on or about April 27, 2019.

On August 12, 2020, our office again requested the needed documentation from Attorney Walker. On August 14, 2020, Attorney Walker advised our office that he had withdrawn his representation of Hestia Management LLC in this matter. As such, on August 18, 2020, we sent correspondence directly to Hestia Management LLC, requesting the outstanding documents needed to complete the investigation.

On September 28, 2020, you notified our office that you were now representing the insured in this matter. You subsequently provided various documents to our office for review. These documents include emails from closing Attorney O'Sullivan, noted above, correspondence from you to our office, the title exam for the Property, communications between the Insured and Lev Dukhon of ALD Insurance Agency, additional email correspondence previously provided, and both notices of condemnation (also previously provided).

## APPLICABLE POLICY PROVISIONS

As you know, Penn-America issued the Insured a Commercial Lines Common Policy, policy no. PAV0205873, with effective dates of July 12, 2019 through July 12, 2019 for the insured locations of 116A June Street, 116 June Street, and 114R June Street, Worcester, MA (the "Policy"). The Policy includes Building and Personal Property Coverage Form, CP 00 10 10 12, as well as additional endorsements. The Policy provides, in relevant part:

*A. Coverage*

*We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.*

...

*3. Covered Causes of Loss*
*See applicable Causes of Loss form as shown in the Declarations.*

...

*B. Exclusions And Limitations*

James D. Poliquin, Esq.
January 13, 2021
Page **6** of **12**

>   *See applicable Causes Of Loss form as shown in the Declarations.*
>
>   ...

**E.  Loss Conditions**

>   *The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:*
>
>   ...
>
>   **3.      Duties In The Event Of Loss Or Damage**
>
>   >   ***a.***  *You must see that the following are done in the event of loss or damage to Covered Property:*
>   >
>   >   >   *(1) Notify the Police if a law may have been broken.*
>   >   >
>   >   >   *(2) Give us prompt notice of the loss or damage. Include a description of the property involved.*
>   >   >
>   >   >   *(3) As soon as possible, give us a description of how, when and where the loss of damage occurred.*
>   >   >
>   >   >   *(4) Take all reasonable steps to protect the Covered Property from further damage ...*
>   >   >
>   >   >   *(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.*
>   >   >
>   >   >   *(6) As often as may be reasonably required, permit us to inspect the property proving the loss damage and examine your books and records. Also take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.*
>   >   >
>   >   >   *(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.*
>   >   >
>   >   >   *(8) Cooperated with us in the investigation or settlement of the claim.*
>   >
>   >   ***b.***  *We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.*
>
>   ...

Building and Personal Property Coverage Form, CP 00 10 10 12.

James D. Poliquin, Esq.
January 13, 2021
Page 7 of **12**

The Commercial Property Conditions Form, Form CP 00 90 07 88, contains the following language:

*This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions in commercial Property Coverage Forms.*

### A.   CONCEALMENT, MISREPRESENTATION OR FRAUD
*This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:*
1. *This Coverage Part;*
2. *The Covered Property;*
3. *Your interest in the Covered Property; or*
4. *A claim under this Coverage Part.*
...

### H.    POLICY PERIOD, COVERAGE TERRITORY

*Under this Coverage Part:*
1. *We cover loss or damage commencing:*
   a. *During the policy period shown in the Declarations;*
...

The Causes Of Loss – Special Form, form number CP 10 30 09 17, contains the following language.

*Words and phrases that appear in quotation marks have special meaning. Refer to Section G. Definitions.*

### A.  Covered Causes Of Loss

*When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.*

### B.  Exclusions
1. *We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.*

a.  **Ordinance or Law**
*The enforcement of or compliance with any ordinance or law;*
   *(1) Regulating the construction, use or repair of any property; or*

James D. Poliquin, Esq.
January 13, 2021
Page **8** of **12**

> > *(2) Requiring the tearing down of any property, including the cost of removing its debris.*
>
> *This exclusion, Ordinance Or Law, applies whether the loss results from:*
>
> > > *(a) An ordinance or law that is enforced even if the property has not been damaged; or*
> > >
> > > *(b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition or property or removal of its debris, following a physical loss to that property.*
>
> ...
>
> *c.  Government Action*
>
> *Seizure or destruction of property by order of governmental authority.*
>
> ...
>
> > *2.  We will not pay for loss or damage caused by or resulting from any of the following:*
>
> ...
>
> *h.      Dishonest or criminal act (including theft) by you, any of your partners, members, officers, managers, employees (including temporary employees and leased employees), directors, trustees or authorized representatives, whether acting alone or in collusion with each other or with any other party; or theft by any person to whom you entrusted the property for any purpose for any reason, whether acting alone or in collusion with any other party.*

## DECLINATION OF COVERAGE

Global Indemnity hereby provides its position that there is no coverage under the Policy for the loss resulting from the fire that occurred at the Property on August, 11, 2019 for the reasons outlined in detail below.  The pertinent portions of the Policy are quoted in this letter. Kindly refer to the Policy for its complete terms and conditions.

In Massachusetts, pursuant to General Laws chapter 175, section 186, "[a] misrepresentation in an application for insurance will enable the insurer to avoid the policy if the misrepresentation was made with actual intent to deceive [] or [] is material." Hanover Ins. Co. v. Leeds, 42 Mass. App. Ct. 54, 57 (1997).  A misrepresentation is "material" if it would "naturally influence the judgment of an underwriter in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of the premium." Employers' Liab. Assur. Corp. Ltd. v. Vella, 366 Mass. 651, 655 (1975); *see also* Kobico, Inc. v. Pipe, 44 Mass. App. Ct. 103, 110 (1997).  Accordingly, for section 186 purposes, "[i]f an insured falsely states a fact that would increase the premium, the misrepresentation is material." Barnstable County Ins. Co. v. Gale, 425 Mass. 126, 128 (1997).

James D. Poliquin, Esq.
January 13, 2021
Page **9** of **12**

Under Massachusetts law, one way a fact is deemed material for the purposes of MASS. GEN. LAWS c. 175 §186(a) is if it influences the insurance premium. Barnstable County Inc. Co. v. Gale, 425 Mass. 126, 128 (1997); see also Boston Mut. Ins. Co. v. New York Islanders Hockey Club, L.P., 165 F.3d 93, 97 (1st Cir. 1993) (affirming judgment in favor of insurer allowing rescission of policy, reasoning that the materiality requirement in MASS. GEN. LAWS c. 175, §186 limits avoidance to cases where an accurate answer could reasonably have affected insurer's choice to insure an applicant, impose exclusions, or to charge a higher premium).

Where the insured's misstatement would "naturally influence" the judgment of the underwriter, it may be material, without proof that the insurer would ultimately have refused to insure the applicant or would have charged a higher premium. Boston Mut. Ins. Co. v. New York Islanders Hockey Club, L.P., 165 F.3d 93, 97 (D. Mass. 1999). Additionally, the "risk of loss" contemplated by § 186 "is not limited to the degree or character of a specific actual loss, but refers to an insurer's general risk of economic loss or exposure to liability under the insured's policy as a whole." Tejada v. Commerce Ins. Co., 2002 WL 31546117 (Mass. App. Div. 2002) (material representation regarding insured's driving history may bar recovery even when loss was for theft).

Additionally, under Massachusetts law, an insurer may void a policy even if the policyholder made an innocent misrepresentation of a material fact in policy application if the disclosure of the truth would have affected the insurer's decision in fixing the rate of premium. RLI Ins. Co. v. Santos, 746 F.Supp.2d 255 (D.Mass.2010). *See also* Progressive Direct Insurance Company v. Martin, D.Mass.2019, 425 F.Supp.3d 48 (under Massachusetts law, an insurer may void a policy even if the policyholder made an innocent misrepresentation of material fact if the disclosure of the truth would have affected the insurer's decision in fixing the rate of premium).

Massachusetts courts have also found that a "material fact" misrepresentation in an insurance application would enable an insurer to avoid the policy, measured by an objective standard, is one which would naturally influence the judgment of an underwriter in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of the premium. Merchants Ins. Group v. Spicer, 38 N.E.3d 1018, 88 Mass.App.Ct. 262 (2015). *See also* Aetna Life Ins. Co. v. Hub Hosiery Mills, 74 F.Supp. 599, affirmed 170 F.2d 547 (If applicant for life policy discovers facts which makes portions of his application no longer true and fails to make a full disclosure of such facts to insurer with actual intent to deceive or if matter known to applicant but not disclosed to insurer increases insurer's risk of loss, policy is cancelable).

James D. Poliquin, Esq.
January 13, 2021
Page **10** of **12**

Here, Hestia Management LLC, in completing the application for insurance, materially misrepresented the status of the premises as occupied, or not vacant. Mr. Livshits testified that 114R June Street had been empty, without tenants since the fire of May 13, 2019, and had been empty at the time he closed on the property in June, 2019, and had been continuously empty up until the August 11, 2019 fire. Mr. Livshits knew the property was vacant at the time of submittal of the application for insurance, and knew that the property would remain vacant, as he testified that he intended to complete certain work on the premises prior to renting it. Indeed, the purchase and sale agreement, signed by Hestia Management LLC, specifically listed the property as vacant. Also, the email correspondence provided between Ms. Livshits and the retail insurance agent, ALD Insurance Agency, Inc., indicates that 114R June Street was vacant at the time of application for insurance

We note that the vacancy of the Property would have naturally influenced the judgment of Global Indemnity underwriting in estimating the degree and character of the risk, and in fixing the rate of the premium.

Also, as noted above, the Insured also failed to include the prior May 13, 2019 fire at the insured premises of 114R June Street on the Habitational supplemental Application. The Insured also failed to indicate if the damage had been repaired to the premises. However, in his examination under oath testimony, Mr. Livshits stated that he was aware of the May 13, 2019 fire, well before submission of the application for insurance, and, of note, prior to the initial email from Ms. Livshits to the broker.

We note that if the application for insurance accurately indicated the May 13, 2019 fire in the previous loss section of the application, Global Indemnity underwriting would have required proof of repairs stemming from the May 13, 2019 fire before issuing the policy. Indeed, Global Indemnity would not have written a policy for a damaged property. Thus the omission of the prior May 13, 2019 fire from the Habitational supplemental Application vacancy of the Property would have naturally influenced the judgment of underwriting in making the contract at all, as well as in estimating the degree and character of the risk.

In his examination under oath, Mr. Livshits stated that he had received the City of Worcester July 11, 2019 correspondence condemning 114R June Street on or about July 26, 2019. While Mr. Livshits indicated that he may have provided this correspondence to his retail insurance agent, it is unclear if, and when this occurred. Nevertheless, no such documentation has ever been provided to Global Indemnity, nor was Global Indemnity notified of the Notice of Condemnation until well after the August 11, 2019 fire. It is clear, however that an order condemning a rental property is a material fact concerning the covered property.

James D. Poliquin, Esq.
January 13, 2021
Page **11** of **12**

Massachusetts common law alleviates an insurer from its obligations under the Policy where the insured has committed a breach of contract or has engaged in fraud. An insured must be truthful and abide by the covenant of good faith and fair dealing with the insurer. Falsification or concealment of any material facts would violate the terms of the Policy. These are standard, common law principles of insurance law well-rooted in Massachusetts case law. This concealment and / or misrepresentation of the status of the property (i.e. condemned) exposed Global Indemnity to associated costs and increased risks.

Global Indemnity specifically disclaims coverage under the Policy for the following reasons. With respect to each of the following reasons, please refer to the above-referenced policy language.

There is no coverage for the claims presented because the Insured, Hestia Management LLC, in completing the application for insurance, materially misrepresented the status of the premises as occupied, or not vacant. The vacancy of the Property would have naturally influenced the judgment of underwriting in estimating the degree and character of the risk, and in fixing the rate of the premium.

There is no coverage for the claims presented because the Insured, Hestia Management LLC, in completing the application for insurance, failed to include the prior May 13, 2019 fire at the insured premises of 114R June Street on the Habitational supplemental Application. Thus the omission of the prior May 13, 2019 fire from the Habitational supplemental Application would have naturally influenced the judgment of underwriting in making the contract at all, as well as in estimating the degree and character of the risk.

There is no coverage for the claims presented because the Insured, Hestia Management LLC, in completing the application for insurance, failed to include that all damage to the Property had been repaired and the date of the repairs on the Habitational supplemental Application. Thus the omission of any repaired damage and the date of any repairs from the Habitational supplemental Application would have naturally influenced the judgment of underwriting in making the contract at all, as well as in estimating the degree and character of the risk.

There is no coverage for the claims presented because the Insured, Hestia Management LLC, failed to notify Global Indemnity of the July 11, 2019 Notice of Condemnation issued by the City of Worcester prior to the loss. This concealment and / or misrepresentation of the status of the property (i.e. condemned) exposed Global Indemnity to associated costs and increased risks.

There is no coverage for loss or damage that is caused by the enforcement of or compliance with any ordinance or law "requiring the tearing down of any property, including the

James D. Poliquin, Esq.
January 13, 2021
Page **12** of **12**

cost of removing its debris" regardless of whether any other cause of loss contributes to the loss or damage. Thus, if the City issues an order requiring the demolition of 114R June Street, this exclusion bars coverage for those costs.

There is no coverage for "seizure or destruction of property by order of a governmental authority." Under this exclusion, any claim stemming from the destruction of 114R June Street due to an order by the City of Worcester is barred by the Government Action Exclusion.

In closing, please note that Global Indemnity reserves all rights and defenses under the Policy, at law, and in equity. Global Indemnity expressly reserves the right to disclaim coverage for additional reasons in the event that additional information relating to this loss becomes available. Please be advised that by transmittal of this letter, Global Indemnity does not and should not be deemed to have waived all or any rights or grounds it may have in connection with the above-referenced policy, nor should Global Indemnity be deemed to be estopped from asserting all or any coverage defenses that are currently available under the Policy or any defenses that may become applicable in this matter.

Please do not hesitate to contact me if you have any questions or concerns.

Very truly yours,

*/s/ Anthony J. Antonellis*

Anthony J. Antonellis, Esq.
Michael S. Antonellis, Esq.

AJA/MSA-mjb

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2171717 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |

| Plaintiff | Hestia Management LLC | Defendant: | Penn-America Insurance Company |
|---|---|---|---|
| ADDRESS: | 539 Commonwealth Ave | ADDRESS: | Three Bala Plaza East, Suite 300 |
| Newton, MA 02459 | | Bala Cynyd, PA 19004 | |
| | | | |
| Plaintiff Attorney: | Frank Scardino | Defendant: | Global Indemnity Group Services, LLC |
| ADDRESS: | 825 Beacon Street, Suite 20 | ADDRESS: | Three Bala Plaza East, Suite 300 |
| Newton Center, MA 02459 | | Bala Cynyd, PA 19004 | |
| | | | |
| BBO: | 703911 | | |
| Plaintiff Attorney: | Val Gurvits | Defendant Attorney: | |
| ADDRESS: | 825 Beacon Street, Suite 20 | ADDRESS: | |
| Newton Center, MA 02459 | | | |
| | | | |
| BBO: | 643572 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06 | Wrongful Denial of Insurance Claim | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? ☒ YES ☐ NO     Is there a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX AUG 05 2021 CLERK

A. Documented medical expenses to date
1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Wrongful Denial of Insurance Claim and Unfair Business and Insurance Practices | > $50,001.00 |
| | Total | > $50,001.00 |

| Signature of Attorney/Unrepresented Plaintiff: X | Date: | August 5, 2021 |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | Date: | August 5, 2021 |

# CIVIL ACTION COVER SHEET INSTRUCTIONS
# SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an Incarcerated Party (A)
PB1 Tortious Action involving an Incarcerated Party (A)
PC1 Real Property Action involving an Incarcerated Party (F)
PD1 Equity Action involving an Incarcerated Party (F)
PE1 Administrative Action involving an Incarcerated Party (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/ Non-residential (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**