UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HESTIA MANAGEMENT, LLC,         )<br>            Plaintiff,              )<br>                                            )<br>v.                                         )<br>                                            )<br>PENN AMERICA INSURANCE COMPANY )<br>and GLOBAL INDEMNITY GROUP )<br>SERVICES, LLC,                   )<br>            Defendants.           ) | Docket No. 1:21cv11366 |

## DEFENDANT PENN AMERICA INSURANCE COMPANY ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

1. The defendant, Penn America Insurance Company ("Penn America"), is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Admitted

3. It is admitted that Penn America is a member of Global Indemnity Group Services, LLC ("Global Indemnity"). The remaining allegations contained in this paragraph are not directed at Penn America, and accordingly, Penn America does not plead in response to those remaining allegations.

4. Admitted.

5. Admitted.

6. Penn America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. It is admitted that the Plaintiff submitted a claim under Penn America policy number PAV0205873 (the "Policy") regarding a fire on August 11, 2021 at 114R June Street, Worcester, Massachusetts.

8. It is admitted that the Plaintiff submitted a claim under the Policy regarding a fire on August 11, 2021 at 114R June Street, Worcester, Massachusetts. To the extent the allegations contained in this paragraph state a legal conclusion, no answer is required. However, to the extent that the paragraph purports to state additional allegations of fact or claims against the defendant, they are denied.

9. Penn America admits that it conducted a timely, thorough investigation of the Plaintiff's claim. The remaining allegations are an incomplete characterization of the investigation. This paragraph makes characterizations of a written document, the contents of which speak for themselves, and requires no response. However, to the extent that the paragraph purports to state allegations of fact or claims against the defendant, they are denied.

## COUNT I
## (BREACH OF CONTRACT)

10. Penn America restates in this paragraph the responses set forth in the preceding paragraphs above as if the same were herein separately set forth.

11. Penn America denies the allegations in this paragraph directed at Penn America. The remaining allegations contained in this paragraph are not directed at Penn America, and accordingly, Penn America does not plead in response to those remaining allegations.

12. Penn America denies the allegations in this paragraph directed at Penn America. The remaining allegations contained in this paragraph are not directed at Penn America, and accordingly, Penn America does not plead in response to those remaining allegations.

## COUNT II
## (UNFAIR BUSINESS PRACTICES M.G.L. c. 93a AND UNFAIR INSURANCE PRACTICES, M.G.L. c. 176D)

13. Penn America restates in this paragraph the responses set forth in the preceding paragraphs above as if the same were herein separately set forth.

2049707.v1

14. Admitted in Part. Penn America admits that it is an insurance company licensed and qualified to write certain lines of insurance within the State of Massachusetts. The remaining allegations contained in this paragraph are not directed at Penn America, and accordingly, Penn America does not plead in response to those remaining allegations.

15. Penn America admits that it issued an insurance policy to the Plaintiff covering the subject property for a period of time, the terms, conditions, provisions, limitations, and exclusions of the policy speaks for itself. The remaining allegations contained in this paragraph are not directed at Penn America, and accordingly, Penn America does not plead in response to those remaining allegations.

16. Penn America denies the allegations in this paragraph directed at Penn America. The remaining allegations contained in this paragraph are not directed at Penn America, and accordingly, Penn America does not plead in response to those remaining allegations.

17. Penn America denies the allegations in this paragraph directed at Penn America. The remaining allegations contained in this paragraph are not directed at Penn America, and accordingly, Penn America does not plead in response to those remaining allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The defendant asserts that it performed all duties under the Policy other than duties which were prevented or excused, and therefor never breached the agreement.

### Second Affirmative Defense

To the extent the defendant had any obligations to the plaintiff, such obligations have been fully, completely, and properly performed.

### Third Affirmative Defense

The defendant asserts that the Plaintiff or the Plaintiff's assignor obtained the defendant's consent to the contract through fraud, deceit, or misrepresentation by the Plaintiff or Plaintiff's assignor through material misrepresentations on the insurance policy application.

### Fourth Affirmative Defense

The defendant asserts that the Plaintiff intentionally concealed or misrepresented a material fact concerning the covered property, to wit the Notice of Condemnation issued by the City of Worcester; therefor coverage is void.

### Fifth Affirmative Defense

The insurance policy, which is the subject of this action, excluded loss caused by the enforcement of or compliance with any ordinance or law requiring the tearing down of any property, including the cost of removing debris.

### Sixth Affirmative Defense

The insurance policy, which is the subject of this action, excluded loss caused by seizure or destruction of property by order of a government authority.

### Seventh Affirmative Defense

This action is barred by the applicable statute of limitations and/or statute of repose.

### Eighth Affirmative Defense

The plaintiffs' claims are barred under the equitable doctrine of laches and/or unclean hands.

### Ninth Affirmative Defense

The plaintiff's claims are barred by the doctrine of fortuity.

### Tenth Affirmative Defense

The plaintiff's claims may be barred in full or in part by any other provisions of the policies, not specifically identified above, which are hereby incorporated as if fully set forth herein. Defendant expressly reserves the right to rely upon any and all provisions of the policies in defense of Plaintiffs' claims.

### DEMAND FOR JURY TRIAL

The Defendant respectfully demands a trial by jury on all claims and issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Penn America Insurance Company respectfully requests that this Court enter an order in its favor against the Plaintiff:

1. Deny any and all relief requested by the Plaintiff;

2. Dismiss the Complaint with prejudice and enter judgment in favor of Penn America;

3. Award Penn America the costs herein expended and such other and further relief that this Court deems just and proper.

Date:   September 8, 2021

For the Defendant,
PENN AMERICA INSURANCE COMPANY
By its attorneys,

*/s/ Michael S. Antonellis*

Anthony Antonellis BBO#557964
Michael S. Antonellis, BBO#600501
SLOANE and WALSH, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA  02108
Telephone:  (617) 523-6010
Facsimile:   (617) 227-0927
aantonellis@sloanewalsh.com
mantonellis@sloanewalsh.com

## CERTIFICATE OF SERVICE

      I, Michael S. Antonellis, Esq., do hereby certify that on this 8th day of September 2021, I caused the foregoing document to be filed via the ECF filing system copies of which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via email to those indicated as non-registered participants. I have also served a copy of the foregoing document via first class mail and email to the following:

Plaintiff's Counsel:
Frank Scardino, BBO #703911
Valentin Gurvits, BBO #643572
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Center, MA 02459
frank@bostonlawgroup.com
vgurvits@bostonlawgroup.com

                                                  */s/ Michael S. Antonellis*
                                                  Michael S. Antonellis

2049707.v1